IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JAY P. MOSKOWITZ and NADINE K. BADDOUR, | : | CASE NO. 10-73348-WLH |
| | : | |
| Debtors. | : | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF PEACHTREE ANTIQUES, INC. D/B/A PERSONAL PROPERTY APPRAISALS AS AUCTIONEER AND BROKER FOR THE TRUSTEE**

**COMES NOW** Cathy L. Scarver, as Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Jay P. Moskowitz and Nadine K. Baddour (the "Debtors") and files this Application for Approval of Employment of Peachtree Antiques, Inc. d/b/a Personal Property Appraisals as Auctioneer and Broker for the Trustee. In support thereof, the Trustee shows the Court as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and the Standing Order of Reference of the United States Bankruptcy Court for the Northern District of Georgia. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper in this Court under 28 U.S.C. §1408 and 1409.

**Background**

2. Jay P. Moskowitz and Nadine K. Baddour ("Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 3, 2010 (the "Petition Date").

3. The Court entered its order converting the Chapter 11 case to a case under Chapter 7 on October 18, 2010 (Doc. No. 59).

4. On or about October 20, 2010, the United States Trustee appointed Cathy L. Scarver as the interim trustee (Doc. No. 66).

5. The 341 meeting of creditors was held on November 16, 2010. Cathy L. Scarver continues to serve as the duly-appointed and acting Chapter 7 Trustee.

6. At the commencement of the Bankruptcy Case, all legal and equitable rights of the Debtor are property of the bankruptcy estate, and the Trustee is the sole representative of the bankruptcy estate.

7. On their amended schedules, Debtors listed, among other things, approximately 1500 bottles of wine (the "Wine").

**Relief Requested**

8. The Trustee would like to employ Peachtree Antiques, Inc. d/b/a Personal Property Appraisals ("PPA") as the Trustee's Auctioneer and Broker, to sell the Wine at a public auction or private sale.

9. PPA is located at 2625 Piedmont Road # 226, Atlanta, Georgia 30324, phone number 404-869-7741.

10. PPA has agreed to represent the Trustee as the Auctioneer and Broker to market and sell the Wine at public auction or by way of a private sale. Further, PPA will collect and pay sales tax, if any, as may apply upon disposition by the Trustee of the wine.

11. PPA has previously conducted an inventory and appraisal of the Wine.

12. PPA, as auctioneer and broker, seeks to be compensated for services at ten percent (10%) of the sale price, with payment only after further order by the Court. PPA also intends to seek reimbursement of all actual out-of-pocket expenses. In the event that the Trustee, upon recommendation from PPA, determines that sale through an auction house is preferable to a private sale, the Trustee will seek approval at a future date of: use of the auction house that PPA intends to use; and the fees or charges that such auction house would propose to be paid, which fees or charges would be in addition to the compensation proposed for PPA.

13. The Trustee believes, in her business judgment, that the requested compensation

is reasonable.

14. The Trustee has no knowledge of the Wine and will make NO REPRESENTATIONS OR WARRANTIES as to the Wine or its sale, other than that the Trustee is the Trustee.

15. The Wine would be offered for sale "AS IS" "WHERE IS" "WITH NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OF IMPLIED" and "WITH ALL FAULTS."

16. As set forth in the attached Verification, PPA and its employees represent no interest adverse to the Trustee, the Debtors, the creditors, or this estate in the matter upon which it is to be engaged for Applicant, and its appointment will be in the best interests of the estate.

17. Neither PPA nor any of its employees is a partner or office associate of the Trustee.

WHEREFORE, the Trustee prays that this Court authorize the Trustee to employ Peachtree Antiques d/b/a Personal Property Appraisals as auctioneer and broker regarding the Wine, to be compensated for these services but with payment only after further order by the Court.

This 1st day of December, 2010.

LAMBERTH, CIFELLI, STOKES,
ELLIS & NASON, P.A.
Attorneys for the Trustee

/s/ *J. Michael Lamberth*
J. Michael Lamberth
Georgia Bar No. 431975
Maggie Rentz
Georgia Bar No. 126457

3343 Peachtree Rd., NE
East Tower, Suite 550
Atlanta, GA 30326
(404) 262-7373

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| JAY P. MOSKOWITZ and NADINE K. BADDOUR, | : | CASE NO. 10-73348-WLH |
| Debtors. | : | |

**RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF AUCTIONEER**

The undersigned hereby declares under penalty of perjury:

1. I am owner of Peachtree Antiques, Inc. d/b/a Personal Property Appraisals ("the Firm"), which maintains offices at 2625 Piedmont Road, Atlanta, Georgia 30324. I make this Verification in support of the Trustee's Application for Approval of Employment of Auctioneer and Broker. The attachment to this verification provides information about my Firm and me.

2. To the best of the my information and belief, the Firm has no connection with or any interest adverse to Jay P. Moskowitz and Nadine K. Baddour ("Debtors"), Debtors' creditors, other parties in interest, their respective attorneys, the Bankruptcy Judge in this case, the U.S. Trustee, or any person employed by the U.S. Trustee, with respect to the matters on which the Personal Property Appraisals is to be employed.

3. The Firm has made a reasonable effort to discover the possibility of conflicts as described above. If the Firm discovers any information that is contrary to or supplemental to statements made herein, the Firm will promptly disclose such information to the Court and the U.S. Trustee.

4. The Firm is not and was not a creditor, an equity security holder or an insider of Debtors.

5. The Firm has no interest materially adverse to the interest of Debtors' bankruptcy estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtors, or for any other reason.

6. Accordingly, I believe the Firm is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code.

7. The foregoing constitutes my statement pursuant to section 327 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

Dated this 30th day of November 2010.

[signature]
Allan Baitcher



11/30/2010 22:01 4042516416 111 1111 PAGE 06/07

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the within and foregoing **APPLICATION FOR APPROVAL OF EMPLOYMENT OF PEACHTREE ANTIQUES, INC. D/B/A PERSONAL PROPERTY APPRAISALS AS AUCTIONEER FOR THE TRUSTEE** in the above-styled action, by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

United States Trustee
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303

This 1st day of December, 2010.

*/s/J. Michael Lamberth*
J. Michael Lamberth
Georgia Bar No. 431975

*/s/Maggie Rentz*
Maggie Rentz
Georgia Bar No. 126457

LAMBERTH, CIFELLI, STOKES,
ELLIS & NASON, P.A.
3343 Peachtree Road, N.E.
Suite 550, East Tower
Atlanta, Georgia 30326
(404)-262-7373